WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald L. Vertin | No. CV-11-1167-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| The State of Arizona and the City of Avondale, Arizona, a Political Subdivision of the State of Arizona, | |
| Defendants. | |

Pending before the Court are Defendant City of Avondale's Motion for Summary Judgment (Doc. 35) and Supplemental Motion for Summary Judgment (Doc. 45) and Defendant State of Arizona's Motion for Summary Judgment (Doc. 36) and Supplemental Motion for Summary Judgment (Doc. 47). For the following reasons, the Motions are granted.

## BACKGROUND

This case arises from a state-court forfeiture action, filed by the State against Plaintiff in 2004. (Doc. 34, Third Am. Compl. at ¶ 10.) Prior to the forfeiture, Plaintiff owned four parcels of land in Avondale and Buckeye, Arizona on which he operated two businesses. (*Id.* at ¶ 5–7.) One of the two businesses sold veterinary supplies including liquid and crystal iodine. (*Id.* at ¶ 6.) Plaintiff maintains that his other business never sold any form of iodine. (*Id.* at ¶ 7.) Because of its use in the manufacturing of controlled substances, iodine is a regulated List II chemical pursuant to 21 U.S.C. § 802(35)(I). Law enforcement investigated Plaintiff's two businesses due to their sales or alleged sales of

iodine. (*Id.* at ¶ 9.) Based on evidence regarding these iodine sales, the State commenced a forfeiture action against Plaintiff's properties in 2004, and later seized those parcels pursuant to an Order of Forfeiture. (*Id.* at 10; Doc. 46 DSOF ¶1.) The State then sold the parcels to the City of Avondale. (Doc. 34 at ¶ 11; Doc. 48 DSOF ¶ 9.)

Plaintiff filed this pro se action on June 13, 2011. (Doc. 1.) He filed an Amended Complaint on September 19, 2011, (Doc. 3), and a Second Amended Complaint on October 13, 2011, (Doc. 4). On November 18, 2011, the Court dismissed Plaintiff's action without prejudice for his failure to comply with the Court's orders regarding service of process and Plaintiff's failure to comply with Rule 15 of the Federal Rules of Civil Procedure in his filing of the Second Amended Complaint. (Doc. 15.) Plaintiff appealed this dismissal, and the Ninth Circuit Court of Appeals reversed the Court's decision and remanded the case for further proceedings. (Doc. 25.) The Court granted Plaintiff leave to file a Third Amended Complaint (Doc. 32), and Plaintiff, now represented by counsel, filed his Third Amended Complaint on July 1, 2013. (Doc. 34.)

In his Third Amended Complaint, Plaintiff seeks damages for a violation of 42 U.S.C. § 1983 against the State of Arizona and damages for violations of the Fifth, Fourteenth, and Eighth Amendments of the United States Constitution against both the State of Arizona and the City of Avondale. (*Id.*) Defendants moved to dismiss Plaintiff's claims (Doc. 35; Doc. 36) and the Court converted those motions to motions for summary judgment and directed the parties to file supplemental briefing. (Doc. 44.) That supplemental briefing is now complete. (Doc. 45; Doc. 46; Doc. 47; Doc. 48; Doc. 49; Doc. 50; Doc. 51; Doc. 52; Doc. 53; Doc. 54.)

**ANALYSIS**

**I.    Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law determines which facts are material and "[o]nly disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson,* 477 U.S. at 250).

Because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, . . . [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Anderson,* 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59 (1970)); *Harris v. Itzhaki,* 183 F.3d 1043, 1051 (9th Cir. 1999) ("Issues of credibility, including questions of intent, should be left to the jury.") (citations omitted).

## II.   Motion for Summary Judgment by the City of Avondale

Plaintiff seeks damages against the City of Avondale (the "City") for alleged violations of the United States Constitution. (Doc. 34.) First, Plaintiff asserts that the City conspired with the State to take Plaintiff's property without just compensation, in violation of the Fifth and Fourteen Amendments. (*Id.* at ¶¶ 16–18.) Next, Plaintiff alleges that the City conspired with the State to use the state forfeiture statutes to engage in abusive punishment of the Plaintiff, in violation of the Eighth Amendment. (*Id.* at ¶¶ 19–21.) While Plaintiff does not specify in his Third Amended Complaint that these claims against the City are brought pursuant to 42 U.S.C. § 1983, the Court will presume this is the case as that is the federal statute that provides Plaintiff a cause of action for bringing such constitutional claims against a municipality. *Monnel v. Dep't of Soc. Servs.*, 436 U.S. 658, 700–01 (1978).

Plaintiff fails to assert a cognizable claim against the City because his claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitations, and thus federal courts apply the state statute of limitations for personal injury claims in Section 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) ("The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose."). In Arizona, that statute of limitations is two years. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 984 (9th Cir. 2004) ("For these claims, we borrow Arizona's statute of limitations for personal injury claims… The applicable statute of limitations for personal injury claims in Arizona is two years." (citations omitted)). Plaintiff's claims arise from the state forfeiture action brought against him. Plaintiff's property was seized pursuant to that action on July 22, 2004. On September 3, 2008, a forfeiture order was issued following the seizure. (Doc. 3 at ¶ 41; Doc. 48 at ¶ 7, Ex. 4.)  Plaintiff does not contest this date or the assertion that he discovered or should have discovered the facts relevant to this claim by the date of that forfeiture order in his Statement of Facts (Doc. 52) or in any other filing. Further, Plaintiff's Statement of Facts neither contains any dates of any other events in this case, nor does it contest any of the dates in Defendant's Statement of Facts (Doc. 48).

Therefore, the statute of limitations on Plaintiff's claims expired on September 8, 2010. Plaintiff did not file his initial complaint in this action until June 13, 2011. Plaintiff thus fails to establish a cognizable claim against the City. Accordingly, Defendant City of Avondale's Motion (Doc. 35) and Supplemental Motion for Summary Judgment (Doc. 47) are granted because all claims asserted against the City are untimely.

### III.    Motion for Summary Judgment by the State of Arizona

Plaintiff seeks damages against the State of Arizona for the alleged violations described above (Doc. 34 at ¶¶ 16–21), as well as for depriving the Plaintiff of his property without due process, all in violation of 42 U.S.C. § 1983. (*Id.* at ¶¶ 12–15.) It is

1   well settled that Section 1983 provides no remedy for claims asserted against a state. *Will*
2   *v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989) ("Section 1983 provides a
3   federal forum to remedy many deprivations of civil liberties, but it does not provide a
4   federal forum for litigants who seek a remedy against a State for alleged deprivations of
5   civil liberties."). Here, the State of Arizona is named as a defendant. Accordingly,
6   Plaintiff fails to state a claim against the State.

7        Plaintiff concedes that he cannot bring Section 1983 claims against the State, but
8   argues that he is bringing his Fifth and Eighth Amendment claims against the State
9   directly under the Constitution. (Doc. 49 at 2.) Plaintiff cites no authority to suggest such
10  direct constitutional claims are cognizable in this context. He argues that his challenge is
11  permitted under the Ninth Circuit's decision in *Dubinka v. Judges of the Superior Court*,
12  23 F.3d 218 (1994). In that case, Plaintiffs sought relief pursuant to Section 1983. 23 F.3d
13  at 221. The court in that case drew a distinction between impermissible district court
14  "jurisdiction to review constitutional challenges to a state court's decision" and
15  permissible "jurisdiction over a general constitutional challenge that does not require
16  review of a final state court decision in a particular case." *Id.* However, the court did not
17  purport to create or recognize a cause of action for general constitutional challenges.
18  Instead, the court drew this distinction in the context of affirming the district court's
19  decision that it had subject matter jurisdiction over Plaintiffs' Section 1983 claims despite
20  the *Rooker-Feldman* doctrine. Here, Plaintiff has no cognizable Section 1983 claim.
21  Plaintiff therefore fails to establish a prima facie case of any claim under Section 1983 or
22  any other cause of action against the State. As such, the State's Motion (Doc. 36) and
23  Supplemental Motion for Summary Judgment (Doc. 45) are granted. Therefore,

24       **IT IS HEREBY ORDERED** that Defendant City of Avondale's Motion for
25  Summary Judgment (Doc. 35) and Supplemental Motion for Summary Judgment (Doc.
26  47) are **granted**.

27       **IT IS FURTHER ORDERED** that Defendant State of Arizona's Motion for
28  Summary Judgment (Doc. 36) and Supplemental Motion for Summary Judgment (Doc.

45) are **granted**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

Dated this 2nd day of December, 2013.

G. Murray Snow
United States District Judge